IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50486
Summary Calendar

_____

SYNNACHIA McQUEEN,

                                        Plaintiff-Appellant,

versus

CAROL S. VANCE, Chairman; JAMES A. COLLINS,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JACK M. GARNER, Warden;
RICHARD HARVEY, Officer; CLARENCE BAKER, CO3,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-94-CV-194
- - - - - - - - - -
September 20, 1995

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Synnachia McQueen's motion for leave to proceed in forma pauperis (IFP) on appeal is DENIED.

    A district court "has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987); 28 U.S.C. §§ 1404(a), 1406(a). The magistrate judge in the Austin Division found that McQueen

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

was incarcerated and allegedly was deprived of his property in Coryell County, Texas, a finding McQueen does not challenge. Coryell County is in the Waco Division.  28 U.S.C. § 124(d)(2). The district court in the Austin Division did not abuse its discretion by transferring McQueen's case to the Waco Division.

McQueen contends that he was deprived of his headphones and sweatshirt without due process of law.  He argues that because the deprivation occurred pursuant to TDCJ's contraband and clothes-hanging policies he should have received a predeprivation hearing.  McQueen also argues that TDCJ's contraband policy violates due process because it allows deprivation without a predeprivation hearing.

Deprivation of constitutionally protected interests pursuant to established state policy may violate due process despite the availability of post-deprivation remedies.  *Matthias v. Bingley*, 906 F.2d 1047, 1056 (5th Cir.), *modified in part on other grounds*, 915 F.2d 946 (5th Cir. 1990).  However, "[t]he necessity for quick action by the state coupled with an adequate post deprivation hearing [may] obviate[] the need for a predeprivation hearing."  *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988).

Prison security demands require that prison officials be able to deprive inmates of property believed to be contraband without holding a pre-deprivation hearing.  Prison officials therefore may satisfy the demands of due process with adequate post-deprivation proceedings.  TDCJ's post-deprivation grievance procedures are adequate to satisfy the Due Process Clause. *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. Jan. 19,

1994)(unpublished).

Additionally, TDCJ prohibits prisoners from hanging their clothing in a manner that blocks an officer's view of any area. Prisoners are proscribed from hanging clothing on windows, on walls, or in front of vents. TDCJ-ID, INMATE ORIENTATION HANDBOOK § III(C)(4)(1990). Again, prison officials must be able to take immediate action to remedy violations of this rule, as violation of the rule could implicate security concerns. *See Beck*, 842 F.2d at 761. Post-deprivation remedies therefore are adequate to satisfy due process.

Moreover, in addition to prison grievances, McQueen could have pursued a state-law conversion action. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). McQueen's procedural due process contention is unavailing.

Assuming that McQueen asserted his substantive due process contention in timely fashion in the district court, *see McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979); *cf. United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992), his contention is unavailing. McQueen's allegations give rise to a procedural, not a substantive, due process contention. *See Griffith v. Johnson*, 899 F.2d 1427, 1435 (5th Cir. 1990), *cert. denied*, 498 U.S. 1040 (1991).

"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; *see Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 225-26 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988). Adverse rulings

alone do not call into question a district judge's impartiality. *Liteky v. United States*, 114 S. Ct. 1147, 1157-58 (1994). McQueen's contention that a series of rulings by the district judge and magistrate judge demonstrates prejudice and warrants recusal therefore is unavailing. Additionally, McQueen's general allegations of ex parte communication and socializing by the magistrate judge, which are based on hearsay and on which McQueen does not elaborate, are insufficient to call into question the magistrate judge's impartiality.

We construe the $120 monetary sanction imposed by the district court as an imposition of costs pursuant to 28 U.S.C. § 1915(e). That statute provides that in cases in which a plaintiff is proceeding IFP, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other cases[.]" 28 U.S.C. § 1915(e). This court reviews decisions of district courts pursuant to § 1915(e) under the abuse-of-discretion standard. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). A case need not be frivolous to merit imposition of costs. *Freeze v. Griffith*, 849 F.2d 172, 176 (5th Cir. 1988); *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir. 1988), *mandamus denied*, 493 U.S. 806 (1989).

Lesser sanctions in other cases have failed to dissuade McQueen from pursuing frivolous litigation. *McQueen v. Mata*, No. 95-50020, slip op. at 3 (5th Cir. Mar 17, 1995)(unpublished) (dismissal without prejudice affirmed); *McQueen v. Mata*, No. 94-50296, slip op. at 6 (5th Cir. Nov. 2, 1994)(unpublished)($25 monetary sanction affirmed). Because stern measures are

necessary to curb McQueen's recreational litigation, we affirm

the imposition of sanctions on McQueen.

APPEAL DISMISSED.